IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 14-30143-NJR |
| vs. ) | |
| ) | |
| TIMOTHY C. GOING, ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF FACTS

The parties hereby stipulate that, if this case proceeded to trial, the Government would prove the following beyond a reasonable doubt.

1. On May 5, 2014, a hidden video camera was discovered above a bathroom stall in the girls' locker room at Fairfield Community High School in Fairfield, Illinois, within the Southern District of Illinois. The video camera was wired to a black box with an antennae attached to it and a SD card slot in it. Pictures were taken of the camera, the wiring and the black box. The locker room doors were then locked so that the equipment would not be touched or moved until law enforcement officers could begin their investigation.

2. On May 6, 2014, Illinois State Police (ISP) Special Agents responded to the school and interviewed the individual who found the hidden camera. An ISP crime scene investigator collected the camera and black box as evidence and transported them to the ISP's crime lab in Springfield, Illinois. An ISP Forensic Technician began a forensic examination of the SanDisk micro SD card (SD card) removed from the black box wired to the hidden video camera recovered from the bathroom stall. The SD card contained several video clips from May 5, 2014, which depicted teenage girls using the bathroom stall or standing or walking next to the bathroom stall in the girls' locker room in various states of undress. There were other video clips that had been

deleted that showed that the camera had been hidden in different locations in the girls' locker room, including the changing area, before being placed above the bathroom stall.

3. The SD card also contained a video clip from May 2, 2014, which captured the placement of the hidden camera in the location in which it was found on May 5, 2014, by a white male wearing shorts and white ankle socks at approximately 10:28 p.m. that night. A review of the school's surveillance video showed Defendant Timothy C. Going, who worked at Fairfield Community High School as coach of the cross country team, assistant coach of the track team and a math teacher, entering the school near that time wearing black shorts, a black hoodie, a gray stocking cap, tennis shoes, and white ankle socks. Going is seen leaving the building and then re-entering the school through a different entrance while looking behind him as if to see if anyone is watching. The surveillance camera inside the school captured Going as he turned into the dark gym area. At approximately 10:28 p.m., Going is captured as he left the gym area carrying his shoes. The surveillance camera then showed Going exit the school, sit on the stairs to put on his shoes, walk to his truck and drive away. A printout of Going's key fob usage on May 2, 2014, is consistent with the surveillance video footage.

4. Additional images recovered from the SD card showed images of members of the girls' cross country team in various states of undress as they prepared to and/or finished showering in what appeared to be different hotel bathrooms. Illinois State Police Special Agents spoke with the administration at Fairfield Community High School to determine whether Going had ever taken the girls' cross country team on any overnight trips which would have required them to stay in a hotel. Records from the school indicated that that there were two (2) overnight trips in 2012 and one (1) overnight trip in 2013 to attend one (1) track meet and two (2) regional competitions at Southern Illinois University in Edwardsville, Illinois. Going drove the bus that carried both the

boys' and girls' cross country teams to the meet and regional competitions. He also assigned the rooms that the boys and girls would occupy.

5. Members of the girls' 2012 and 2013 cross country teams were interviewed regarding these overnight trips at the Child Advocacy Center. They were also shown images cropped to just show their faces that were taken from the different hotel bathrooms and asked to identify themselves and, if possible, the date and/or name of the hotel in which the photograph had been taken. The interviews revealed that Going had the same routine when he arrived at and left the hotel with the cross country team. He would either have the cross country team wait on the bus or in the lobby while he checked them in and took the keys from the hotel clerk. He would then tell the kids to wait so he could check the rooms for any "damage" so that the damage would not be to the students occupying the room, and subsequently charged to the school. After he returned, he would give the boys and girls the keys to their rooms and only then could the minors go into the rooms he assigned to them. Likewise, before checking out of the hotel the next day, Going would again have the cross country team either wait in the lobby or on the bus while he would take their keys and tell them that he was going to check the rooms for any "damage" and to make sure all personal belongings had been removed. He would then turn the keys into the hotel clerk and they would leave. It was at these times that Going installed and then removed the hidden video camera from the bathroom of rooms he specifically assigned to members of the girls' cross country team. There are no hidden video camera images of any members of the boys' cross country team. The camera was either hidden inside of a smoke detector or was in the shape of a smoke detector, and was typically directed to face the bathroom mirror or placed in some location where it was most likely to capture portions of the girls nude as they got in and out of the shower.

In some of the photographs, the smoke detector/hidden video camera can be seen in the reflection of the bathroom mirror. The hidden camera was motion activated.

6. The first overnight trip from which images of attempted sexual exploitation of minors were recovered was from August 24, 2012, when the cross country team stayed at the Super 8 Motel in Pontoon Beach, Madison County, Illinois, within the Southern District of Illinois. Going knowingly attempted to use the female minors he specifically assigned to bedrooms in which he hid the video camera in the bathroom to produce visual depictions of them engaged in sexually explicit conduct, that is, the lascivious display of their genitals. Going took a substantial step toward the attempted sexual exploitation of the minors by hiding a video camera in the bathroom in a position where he was most likely to capture portions of the girls nude as they got in and out of the shower, when he had a limited time to hide the camera and was at risk of being caught both when he hid the camera and when he went to remove it. Going did so with the specific intent to sexually exploit the minors by producing visual depictions of the lascivious display of their genitals by hiding the camera in the bathroom, an area in which he would not have normally had access and in which the minor females would feel comfortable undressing and not having to cover up, and by positioning the camera in a location in which he was more than likely afforded the best opportunity to capture some or all of the minor females nude. He did not hide the video camera in the bedroom, he hid it in the bathroom, an area where he likely knew he had the best chance of capturing images of the minor females, or portions of their bodies, nude.

7. The second overnight trip from which images of attempted sexual exploitation of minors were recovered was from October 26, 2012, when the cross country team stayed at the American's Best Value Inn in Fairview Heights, St. Clair County, Illinois, within the Southern District of Illinois. Going knowingly attempted to use the female minors he specifically assigned

to bedrooms in which he hid the video camera in the bathroom to produce visual depictions of them engaged in sexually explicit conduct, that is, the lascivious display of their genitals. Going took a substantial step toward the attempted sexual exploitation of the minors by hiding a video camera in the bathroom in a position where he was most likely to capture portions of the girls nude as they got in and out of the shower, when he had a limited time to hide the camera and was at risk of being caught both when he hid the camera and when he went to remove it. Going did so with the specific intent to sexually exploit the minors by producing visual depictions of the lascivious display of their genitals by hiding the camera in the bathroom, an area in which he would not have normally had access and in which the minor females would feel comfortable undressing and not having to cover up, and by positioning the camera in a location in which he was more than likely afforded the best opportunity to capture some or all of the minor females nude. He did not hide the video camera in the bedroom, he hid it in the bathroom, an area where he likely knew he had the best chance of capturing images of the minor females, or portions of their bodies, nude.

8. The final overnight trip from which images of attempted sexual exploitation of a minor were recovered was from November 1, 2013, when a member of the girls' cross country team and an adult attendant stayed at the Super 8 Motel in Fairview Heights, St. Clair County, Illinois, within the Southern District of Illinois. As with the two previous overnight trips, Going knowingly attempted to use the female minor he specifically assigned to the room in which he hid the video camera in the bathroom to produce visual depictions of her engaged in sexually explicit conduct, that is, the lascivious display of her genitals. Going took a substantial step toward the attempted sexual exploitation of the minor by hiding the video camera in a location where he was more than likely going to capture portions of the girl nude as she got in and out of the shower and looked at herself in the mirror. Going did so with the specific intent to sexually exploit the minor

5

by producing visual depictions of the lascivious display of her genitals by hiding the camera in the bathroom, an area in which he would not have normally had access and in which the minor would feel comfortable undressing and remaining in the nude, and by positioning the camera in a location in which he was more than likely going to be afforded the best opportunity to capture some or all of the minor nude. He did all of this with only a limited time in which to hide the video camera, and at the risk of being caught, especially in this instance where the minor victim shared the motel room with an adult attendant.

9. Law enforcement officers went to the three hotels listed in paragraphs 6 through 8 above in June and July 2014 and photographed the bathrooms of the rooms that had been assigned to Going and the cross country team members on the date of the charged offenses. The officers verified with the current managers of these establishments that the bathrooms had not been remodeled or substantially changed since the photographs had been taken in 2012 and 2013. The bathroom of each of the three motels is distinctive and easily recognizable from any of the other bathrooms, therefore allowing the officers to easily differentiate between the different dates, different hotels, and victims by comparing the photos of the motel bathrooms from 2014 to the images recovered from the SD card.

10. The visual depictions of the attempted sexual exploitation of the minors on August 24, 2012, October 26, 2012, and November 1, 2013, as charged in Counts 1 through 3 of the Indictment, were produced on the SD card which was manufactured in either China or Japan; therefore, the visual depictions were produced using materials that had been shipped, mailed or transported in interstate or foreign commerce.

11. On May 9, 2014, Going was arrested and charged by the Wayne County State's Attorney with unauthorized videotaping of students as well as burglary to the school. State search

warrants were obtained and executed for Going's residence and vehicle, both of which were located in Fairfield, Wayne County, Illinois, within the Southern District of Illinois. Numerous electronic media devices were seized from his residence on May 9, 2014, and were submitted to the Illinois State Police forensic laboratory for forensic examination, including, but not limited to, a MSI Generic homemade desktop computer (MSI Generic desktop computer), with an ASUS motherboard, and an AMD processor sticker and a MSI-Multi-Media sticker on the front of the computer tower, bearing no serial number; a HP Pavilion G7, laptop computer (HP Pavilion laptop computer), bearing serial number 5CD2080RVH, and a Western Digital External Hard Drive with USB cable. Agents also recovered a gray stocking cap from Going's vehicle that is similar to the stocking cap Going is seen wearing in the school surveillance videotape.

12. During the forensic examinations of the MSI Generic desktop computer and the HP Pavilion laptop computer, a large number of visual depictions of minors engaged in sexually explicit conduct were found on both pieces of equipment that were knowingly possessed by Going on May 9, 2014. The majority of the images knowingly possessed by the defendant had obviously been downloaded via the internet, a facility of interstate commerce, because many of the images were obtained from websites that distribute child pornography, and depict sexual interactions between minors and adults, as well as sexual interactions between minors, and the lascivious display of the genitals of minors. In addition, some or all of the components of the MSI Generic desktop computer and the HP Pavilion laptop computer were manufactured outside the State of Illinois, and therefore had to have affected interstate commerce when shipped or transported to Illinois prior to May 9, 2014. Finally, some of the images possessed by the defendant depicted prepubescent females (12 years of age or younger) engaged in sexually explicit conduct.

13. The forensic examination of the MSI Generic desktop computer and the HP Pavilion laptop computer also revealed that, on May 7, 2014, the day a teachers' meeting was held at Fairfield Community High School in which the discovery of the hidden camera was discussed, Going downloaded and installed ParetoLogic Privacy Controls, a file shredding program, on both his desktop and laptop computers. According to its website, ParetoLogic Privacy Controls "provides powerful shredding and elimination of confidential information," and "cleans your hard drive of unwanted files." It also boasts that its "secure deletion function meets and exceeds U.S. Government Military Standards." Finally, it notes that it has a "secure delete feature that overwrites and permanently deletes user-specified files." Specifically, the forensic examination revealed that ParetoLogic Privacy Controls was downloaded from the internet and installed on the MSI Generic desktop computer on May 7, 2014, at 1:43:53 p.m. The program was ran a total of eight (8) times on the desktop computer with the last launch of the program on May 9, 2014, when the defendant was arrested by the Illinois State Police. With respect to the HP Pavilion laptop computer, the forensic examination revealed that ParetoLogic Privacy Controls was downloaded from the internet and installed on it on May 7, 2014, at 1:54:03 p.m. The program was ran a total of ten (10) times on the laptop computer with the last launch of the program on May 8, 2014, the day before the defendant's arrest by the Illinois State Police.

14. This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept the defendant's guilty plea and is not necessarily an exhaustive account of the defendant's criminal activity.

**SO STIPULATED:**

_____
TIMOTHY C. GOING
Defendant

_____
ANGELA SCOTT
Assistant United States Attorney

_____
PAIGE STRAWN
Attorney for Defendant

Date: 9/17/14

Date: 9/17/14